J-A12012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AUGUSTUS ANTHONY SIMMONS | : | |
| | : | |
| Appellant | : | No. 16 EDA 2023 |

Appeal from the PCRA Order Entered December 5, 2022
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0000302-2011,
CP-46-CR-0005175-2011, CP-46-CR-0008947-2011

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                      **FILED SEPTEMBER 12, 2023**

Appellant, Augustus Anthony Simmons, appeals *pro se* from an order entered on December 5, 2022 in the Criminal Division of the Court of Common Pleas of Montgomery County that denied his fourth petition for collateral relief filed pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. § 9541-9546.[1] We affirm.

---

[1] On December 5, 2022, the PCRA court entered a single order dismissing Appellant's petitions for collateral relief filed at three trial court dockets. In the caption of the dismissal order, the PCRA court listed all three docket numbers related to Appellant's petitions. On December 20, 2022, Appellant filed a single notice of appeal listing three trial court docket numbers. We need not quash or remand under the circumstances before us. **See Commonwealth v. Larkin**, 235 A.3d 350 (Pa. Super. 2020) (*en banc*) (declining to quash where misinformation relayed by trial court lead to misstep in appellate filing process); **see also** Pa.R.A.P. 902 ("any step other than the timely filing of a notice of appeal . . . is subject to such action as the appellate court deems appropriate").

On March 8, 2012, Appellant entered a negotiated guilty plea to several offenses across six trial court dockets, including the three included in the petitions filed in this case.  That same day, the trial court imposed an agreed-upon sentence of 25 to 50 years' imprisonment.  Appellant did not file a post-sentence motion or a direct appeal.  As a result, his judgment of sentence became final in April 2012.

Appellant filed his first PCRA petition in January 2013. Counsel was appointed but sought to withdraw by filing a no-merit letter.  The PCRA court issued notice of its intent to dismiss without a hearing under Pa.R.Crim.P. 907 and Appellant filed a response.  In June 2014, the PCRA court dismissed the petition and allowed counsel to withdraw.  This Court affirmed the dismissal of Appellant's first petition in June 2015 and our Supreme Court denied further review in October 2015.  *See Commonwealth v. Simmons*, 122 A.3d 1129 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015).

Appellant filed his second petition in December 2015 but failed to plead any exceptions to the PCRA's jurisdictional time bar.  As a result, the PCRA court dismissed the petition in February 2016.  This Court affirmed the dismissal order in January 2017 and our Supreme Court denied review in July 2017.  *See Commonwealth v. Simmons*, 160 A.3d 256 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 169 A.3d 105 (Pa. 2017).

Appellant filed his third PCRA petition in September 2019.  In July 2020, the PCRA court issued its Rule 907 notice of intent to dismiss the petition

- 2 -

without a hearing. Thereafter, the court dismissed Appellant's petition as untimely in December 2020. We affirmed the dismissal order and our Supreme Court subsequently denied review. *See Commonwealth v. Simmons*, 264 A.3d 366 (Pa. Super. 2021), *appeal denied*, 169 A.3d 105 (Pa. 2022).

Appellant filed the instant PCRA petition, his fourth, on April 18, 2022. The PCRA court dismissed the petition as untimely, and this appeal followed. On appeal, Appellant alleges that the PCRA erred in concluding that his petition was untimely and not subject to exception.[2] *See* Appellant's Brief at 2.

In addressing Appellant's issues, we are mindful of our well-settled standard and scope of review of an order denying a PCRA petition. Proper appellate review of a PCRA court's dismissal order is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support

---

[2] By way of substance, Appellant contends on appeal that prior appellate PCRA counsel was ineffective in failing to raise claims challenging the validity of Appellant's guilty plea, the legality of Appellant's sentence, and the nondisclosure of allegedly exculpatory evidence pertaining to the immigration status of a Commonwealth witness. *See* Appellant's Brief at 10.

a contrary holding." *Commonwealth v. Hickman*, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

Before considering the merits of Appellant's PCRA petition, we must first determine whether his petition is timely under the PCRA's jurisdictional time-bar. It is well-established that the timeliness of a PCRA petition is jurisdictional, and if a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. *Commonwealth v. Wharton*, 886 A.2d 1120, 1124 (Pa. 2005); *see also Commonwealth v. Callahan*, 101 A.3d 118, 121 (Pa. Super. 2014) (holding, courts do not have jurisdiction over an untimely PCRA petition). To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). "A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The PCRA's jurisdictional time restriction is constitutionally sound. *Commonwealth v. Cruz*, 852 A.2d 287, 292 (Pa. 2004).

Appellant's judgment of sentence became final in April 2012, 30 days after the trial court imposed sentence on March 8, 2012 and Appellant declined to file a direct appeal. *See* 42 Pa.C.S. § 9545(b)(3). Because Appellant filed

this petition on April 18, 2022, his petition is facially untimely. Consequently, he must plead and prove one of the exceptions to the PCRA's timeliness requirements.

If a PCRA petition is untimely filed, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented.[3] 42 Pa.C.S.A. § 9545(b)(2) (effective Dec. 24, 2018). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. ***Spotz***, 171 A.3d at 676.

---

[3] We note that effective December 24, 2018, the time-period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, December 24, 2017, or later. Act. 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed his PCRA petition on April 18, 2022, this amendment applies, and Appellant had one year in which to file a petition that validly invoked any of the exceptions to the PCRA's time-bar.

Although Appellant asserts in his brief that his present PCRA claims challenging the performance of prior appellate PCRA counsel stem from our Supreme Court's recent decision in **Commonwealth v. Bradley**, 261 A.3d 381, 406 (Pa. 2021), Appellant has not validly invoked a statutory exception to the PCRA's one-year time bar. Pennsylvania courts have consistently held that judicial opinions are not new facts under Section 9545(b)(1)(ii). **See Commonwealth v. Reid**, 235 A.3d 1124, 1147-1148 (Pa. 2020); **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (subsequent decisional law does not amount to new fact under Section 9454(b)(1)(ii)). Thus, Appellant may not rely upon the exception found at Section 9454(b)(1)(ii) to establish jurisdiction before the PCRA court.

Appellant also cannot invoke the new constitutional right exception found in Section 9545(b)(1)(iii). This provision is triggered only when "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). Our review of **Bradley** leads us to conclude that the decision neither announced a new constitutional right nor contained an express pronouncement of retroactive application. Hence, Section 9545(b)(1)(iii) does not apply in this instance.

**Bradley** is easily distinguishable from the present facts. In that case, our Supreme Court permitted a petitioner, who filed a timely petition for collateral relief, to raise the ineffectiveness of PCRA counsel on appeal, which

was his first opportunity to do so. In so doing, the Court in **Bradley** took pains to make clear that the decision did not expand the statutory exceptions to the PCRA's one-year time bar. **See Bradley**, 261 A.3d at 406 (Justice Dougherty concurring) ("Importantly, our decision today does not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an **untimely** successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so'") (emphasis added); **see also Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023) ("Nothing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right."). Here, unlike Bradley, Appellant filed a patently untimely petition, and he cannot now cite the ineffectiveness of prior PCRA appellate counsel as grounds for circumventing the PCRA's one-year time bar.

In short, since we are without authority to create non-statutory exceptions to the PCRA's timeliness requirements, **see Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("[t]he PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act[]") (citation omitted), we are unable to grant relief under the circumstances. We therefore affirm the PCRA court's order that dismissed Appellant's untimely serial petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2023